JOHN L. WOOD *vs.* FIREMEN'S FIRE INSURANCE COMPANY.

Suffolk.    March 26, 1878. — Feb. 28, 1879.    AMES & MORTON, JJ., absent.

A policy of fire insurance on oil paintings, each valued at a certain sum, contained on its face an agreement that the representation given in the application for the insurance contained a true exposition of all the facts and circumstances in regard to the value of the property insured, and that, if any material fact or circumstance should not have been fairly represented, the policy should be void. The written application stated that the original of one of the paintings was by Leonardo da Vinci; that it was then in the Vatican or in one of the churches at Rome, under the care of the Pope, and could not be bought for $1,000,000; that the copy was the only one in America, and no other copy could ever be allowed by the Pope. In an action on the policy, the jury were instructed that the representations as to the origin and character of the painting were material to the risk, and if falsely and fraudulently made, and if relied on by the insurer, would avoid the policy. At the close of the charge, the defendant requested the judge to rule, that if the statements were in fact untrue, and the insurer relied on the truth of the statements, the plaintiff could not recover; that this was so, even if he believed the statements to be true; that the representations as to the origin and character of the picture were material to the risk; and, if not true, the policy was void. The judge gave the first two instructions, with the addition to each, "provided these statements were false and fraudulent;" and, in regard to the last, replied, "I have already given that." *Held*, that the plaintiff had no ground of exception.

If a policy of fire insurance contains a clause providing that any person other than the assured, who may have procured the insurance to be taken, shall be deemed to be the agent of the assured, the assured is bound by representations made by an insurance broker, who procures the insurance, notwithstanding the St. of 1861, c. 170.

On the question whether an oil painting was fraudulently overvalued in a policy of insurance, the insured cannot give in evidence offers for the picture made after the policy issued.

COLT, J.    The plaintiff by one Bean, an insurance broker, procured a policy of insurance in the defendant company, upon several oil paintings in his dwelling-house, the estimated value

of each being stated in the policy. At the end of a written application for insurance, given by the plaintiff to Bean, and exhibited by the latter to the president of the company, was a written statement that the original of one of the paintings, called "Christ crowned with Thorns," was by Leonardo da Vinci, that it was then in the Vatican or in one of the churches at Rome, under the care of the Pope, and could not be bought for $1,000,000; that this copy by Pinnol de T. Salos was the only one in America; and no other copy could ever be allowed by the Pope.

The policy contained on its face the following clause: "And the assured hereby covenants and engages, that the representation given in the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured, so far as the same are known to the assured and material to the risk; and that, if any material fact or circumstance shall not have been fairly represented," "the risk hereupon shall cease and determine, and the policy be null and void."

At the trial, the judge instructed the jury, in substance, that the representations made by Bean when the policy was issued, as to the origin and character of the painting referred to, were material to the risk; and if falsely and fraudulently made, and if relied on by the insurer, and found to be untrue, would avoid the policy. The jury were also told, that the mere expressions of opinion and belief were not to be taken as misrepresentations of fact. These instructions were sufficiently accurate. If the question of the materiality of the representations is open to the plaintiff on the bill of exceptions, yet the instructions given afford no valid ground. of objection. The policy was a valued policy. The representations related to the origin of the painting, and were written statements of facts which, if true, would give peculiar value to it, as the only copy which could ever be had of an original painting of great merit, by one of the most famous of the old masters. They were calculated to induce the defendant company to take a risk by a valued policy for the sum named in it, which it would otherwise have declined or taken only for a smaller amount. Facts stated in regard to the value of the property insured are made material by the terms of the policy.

The statements relied on are in writing, and their interpretation, like that of other written instruments, is for the court.   There is no disputed fact left for the jury, upon which they could be permitted to find that the representations were not made, or that they were not material.   *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 419.   *Campbell* v. *New England Life Ins. Co.* 98 Mass. 381.   *Lewis* v. *Eagle Ins. Co.* 10 Gray, 508.

We find nothing in the propositions stated by the judge at the close of his charge, in answer to requests then made, inconsistent with these instructions, or calculated to mislead the jury.*

The plaintiff excepted to the judge's refusal to instruct the jury that Bean was not to be regarded as his agent touching

---

* At the close of the charge the defendant presented to the judge the following, among other requests for instructions:

" 4. That if the jury shall find that Bean represented to the president of the defendant company that this painting was a copy of a picture by Leonardo da Vinci, that the original was in the Vatican, at Rome, or in one of the churches there under the care of the Pope, that the original could not be bought for $1,000,000, and that no other copy could ever be allowed by the Pope, or that Bean handed to the president a paper containing these statements, and if the jury shall find that these statements were in fact untrue, and that the president relied on the truth of these statements when he issued the policy, then the plaintiff cannot recover anything on this policy.

" 5. That if the jury shall find that Bean represented to the president that this painting was a copy of a picture by Leonardo da Vinci, that the original could not be bought for $1,000,000, and that no other copy could ever be allowed by the Pope, or that Bean handed to the president a paper containing these statements, and if the jury shall find that these statements were in fact untrue, and that the president relied upon the truth of these statements, then the plaintiff cannot recover anything on this policy, even though the plaintiff believed these statements to be true."

" 9. That the representations made by Bean to the company as to the origin and character of the picture were material to the risk assumed; and if not true, the policy is void."

The first and second of the instructions so requested were given, with the addition to each, "provided these statements were false and fraudulent;" and with this addition to the second, " If the representations did not affect the policy one way or the other, and if the policy would have been issued whether they had been made or not, of course they become immaterial." As to the third instruction requested, the judge stated to the jury, and it was his only statement in response thereto, " I have already given you that."

representations made by him in obtaining the insurance. He insists that the question should have been submitted to the jury as a question of fact, upon which there was conflicting evidence. But the policy under which the plaintiff claims to recover provides that "any person other than the assured, who may have procured this insurance to be taken by this company, shall be deemed in all cases, and under all circumstances, to be the agent of the assured named in this policy." There was no evidence, nor was it contended, that Bean was an agent of the company, who had authority to make insurance or to bind it by contract in any form. The plaintiff accepted a contract containing the above stipulation, and is bound by it. The St. of 1861, *c.* 170, relating to agents of insurance companies, does not change the rules of the common law regulating the power of agents to bind their principals. It only defines what classes of persons shall be deemed so far agents of insurance companies as to be liable to the penalty prescribed by the Gen. Sts. *c.* 58, § 77. The statute cannot be construed to prevent Bean from being an agent of the plaintiff so far as the making of these representations is concerned, even if, for other purposes, it made him the agent of the insurance company. He might well be the agent of each in matters which did not conflict. *Harrison* v. *City Ins. Co.* 9 Allen, 231. *Markey* v. *Mutual Benefit Ins. Co.* 103 Mass. 78, 93.

The judge admitted evidence of certain offers to purchase this picture made to the plaintiff and refused before the policy was issued, as bearing upon the good faith of the plaintiff in fixing upon the value named in the policy. He properly excluded offers to purchase made afterwards. Such private offers and refusals in reference to articles of this description are not admissible as evidence of actual value at any time; and, upon the question of good faith on the part of the plaintiff at the time the contract was made, offers made and refused afterwards were clearly inadmissible. *Whitney* v. *Thacher*, 117 Mass. 523. *Fowler* v. *County Commissioners*, 6 Allen, 92.

*Exceptions overruled.*

*J. S. Abbott*, for the plaintiff.

*N. Morse & E. W. Hutchins*, for the defendant.