Burkrt, J.
The agreed statement of facts was not carried into the journal entry, as was done in McGonnigle v. Arthur, 27 Ohio St., 251, and therefore could not become part of the record without a bill of exceptions. Bank v. Bank, 16 Ohio, 170; Young v. State, 23 Ohio St., 577.
The agreed statement of facts not being part of the record, the case stands upon the averments and admissions in the pleadings.
The pleadings admit that the copy of the policy, as set out in the petition, is a correct copy of the policy issued by the company to the assured; and the reply admits the receipt of the cancellation of the policy, by registered mail, on June 30, 1885, as alleged in the amended answer of the company.
The petition avers, and the answer concedes, that the fire occured on the 4th day of July, 1885.
■ The testimony can not be presumed to vary or contradict these admissions so made in the pleadings. Oliver v. Moore, *547 23 Ohio St., 473; Gittings v. Baker, 2 Ohio St., 25, 26. With these admissions, what are the rights of the parties? On part of the company it is contended that the notice so received by the assured on June 30, 1885, .had the effect to at once cancel and annul the policy, and that the policy was not in force at the datfe of the fire on July 4, 1885.
The assured claims, on his part, that the policy would remain in full force until the company should give him notice of its cancellation, and in addition to such notice pay back, or tender to him, so much of the $40.00 as had not been earned as premium in the thirteen months during which the policy had been in force, and that in fixing the amount of unearned premium to be returned, the company would not be entitled to the customary short rates, but would be compelled to pro rate according to the whole five years’ life of the policy; and that $31.33 was required to be paid back on June 30, 1885, in order to cancel the policy.
A careful reading of sections 3664, 3665, 3666 and 3667, ■of Revised Statutes, will show that these sections apply only to cancellations of policies “ upon the written request of the person insured,” and furnish no rule or guide for determining the rights of the parties when the cancellation of the policy is upon the request, or motion of the company. The legislature has seen fit to leave the rights of the parties, when the cancellation is upon request of the company, as .such rights may be fixed by the contract in the policy. The parties to the policy are free to contract as they please, with reference to a cancellation of the policy upon request bf the company, but when the cancellation is upon the request of the person insiired, the contract must be according to the provisions of the above cited sections of the statute.
■ The policy her.e in question is on the mutual plan, and a premium note was given and forty dollars paid in cash at the issuing of the policy. The result would be the same if the policy was on the cash plan, because the parties have not contracted for a return of the unearned premium, as a condition precedent to the cancellation of the policy.
After providing how the policy may be canceled upon request of the assured, the policy provides as follows:
*548 “ This insurance may also be terminated at any time at the option of the company, on giving notice to that effect, and when the assured shall have paid the proportion of losses and expenses due the company under the provisions of his policy, at the date of such cancellation the premium note shall be surrendered.”
Under the above provisions of the policy, it is clear that the giving of the notice terminates the insurance. When the losses and expenses due the company at the date of cancellation shall be paid the premium note shall be returned. All that the company is required to do by this contract, in order to cancel the policy, is to give notice to that effect. What follows is not a condition precedent to the termination of the insurance, but only an obligation to return the premium note upon payment of the proper proportion of the losses and expenses. No contract is found in this policy for the return of the unearned premium as a condition precedent to the termination of the insurance, and the rights of the parties must be determined by the contract which, they have made, and not by a contract to be made for them by the court. The question in such case is not what contract the parties should have made, nor what would be equitable, but what contract did they in fact make? Each party must stand or fall upon the written contract found in the policy.
True, there is a class of cases which hold that both notice and the return of the unearned premium, are required to cancel the policy and terminate the insurance, but in all these cases the contract contained in the policy so provided.
The contract in this policy does not so provide, and therein lies the distinction. The following authorities support the view taken by the court, and show the distinction just mentioned:
The Newark Fire Ins. Co. v. Sammons, 11 Bradwell, 230; Grace v. Am. Cent. Ins. Co., 16 Blatch., 433; Mellville Ins. Co. v. Collerd, 9 Vroorn, 486; Wood v. Firemen's Ins. Co. 126 Mass., 316; Hartford Ins. Co. v. Reynolds, 36 Mich , 506; Hathorn v. Germania Ins. Co., 55 Barbour, 28; Hol *549 lingsworth v. Germania Ins. Co., 45 Ga., 294; May on Insurance, (3rd Ed.), sec. 67, J. Richards on Insurance, sec. 157.
It is therefore clear from the admissions in the pleadings, that the policy was canceled and the insurance terminated before the fire, and that the judgment in favor of the plaintiff below, and the affirmance thereof by the circuit court, aré both erroneous, and should be reversed, and the case remanded to the court of common pleas for a new trial.

Judgment reversed.