## UNITED FIREMEN'S INS. CO. v. THOMAS.

'Circuit Court of Appeals, Seventh Circuit. February 7, 1899.)

### No. 404.

1. INSURANCE—AGENCY OF BROKER—NOTICE TO COMPANY.
   An insurance broker was employed by an owner of property to effect insurance thereon in such companies as he should approve. He went to the general agents of an insurance company, and made and signed an application in behalf of the property owner for a part of the amount, on which a policy was issued and delivered to him; and, on his collection of the premium from the insured, he was allowed by the general agents a share of their commissions thereon. He was not otherwise employed either by them or the company. *Held*, that he was not either in fact or law an agent of the company in the transaction, so as to charge it with his knowledge that other insurance on the property was effected at the same time, in violation of a condition of the policy.

2. SAME—CONSTRUCTION OF STATUTE.
   Rev. St. Ill. c. 73, § 40, relates to the regulation of foreign insurance companies doing business in the state, and prescribes that they shall appoint an attorney, file a copy of their charter, and obtain a permit, and in certain cases deposit security. It imposes penalties, not only on the

companies, but on their agents, for doing business in the state without a compliance with such requirements. Section 40 provides that "the term 'agent' or 'agents,' used in this section, shall include an acknowledged agent, surveyor, broker or any other person or persons who shall, in any manner, aid in transacting insurance business of any insurance company not incorporated by the laws of the state." *Held*, that such provision relates solely to the matter of agency as between foreign companies and the state authorities, and does not change the rules of law as to principal and agent as between the company and a policy holder.

**8.** SAME—CONDITION AGAINST OTHER INSURANCE.

Other insurance, though effected at the same time, is within a condition of a policy making it void "if the insured now has or shall hereafter make or procure" other insurance on the property without the consent of the insurer.

On Rehearing.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge. The facts in this case are sufficiently stated in our former opinion. 53 U. S. App. 517, 27 C. C. A. 42, and 82 Fed. 406. We granted a rehearing of the cause principally for a discussion of the question whether Prindiville, either as a matter of law or as a matter of fact, could be deemed the agent of the insurance company, appellant, in effecting the insurance in question. Aided by the oral arguments at such rehearing, and in view of certain decisions of the supreme court of the state of Illinois, we have carefully considered the case, both with respect to the question whether such agency can be deemed established as matter of fact or as matter of law, and the further question whether, under the statute of the state of Illinois, he must be deemed to be the agent of the insurance company because he participated in procuring the insurance in question. The evidence to our minds is undisputed and conclusive that Prindiville had never been in the service of this insurance company, was never authorized by it or its general agents to procure any insurance for it, was employed by the defendant in error to procure insurance for him in such companies as he might approve; that he placed such insurance in several companies, applying to the general agents of the plaintiff in error for a policy in that company; that he signed, on behalf of the defendant in error, the application for that insurance, and authorized the statements therein contained; that neither the plaintiff in error nor its general agents were at any time advised by Prindiville or by the defendant in error or by any other person that other insurance upon the property insured had been or was expected to be procured; that Prindiville received from the several companies, probably upon the same day, the policies for which he had applied, delivered them to the defendant in error, and received from him the premiums. He thereupon paid to the general agents of the plaintiff in error the premium due to the company, and was allowed by the general agents a certain commission. The question, then, is (irrespective of the statute of the state of Illinois, which we will consider hereafter) whether Prindiville, by reason of the facts stated, was the agent of the insurance company in such manner and to such extent that the company is chargeable

with the knowledge that he possessed of other insurance upon the property insured. We are of opinion that he was not, and that the insurance company was not bound by his knowledge. Unless the fact that he was allowed by the general agents a commission—a certain proportion of the amount which they received from the company for placing insurance—can be deemed to constitute him an agent, there is no color for declaring him such. It might with equal propriety be said that if the son of the plaintiff in error had, on behalf of his father, sought this insurance and that placed in other companies, the plaintiff in error would be chargeable with the knowledge that the son possessed of other insurance obtained by him for his father. The payment by the general agents to Prindiville of a certain share of the commissions which they were entitled to retain of the premium did not constitute him an agent of the company. That fact did not authorize him in any way to represent the company by his act, or to charge them with his knowledge. He never had been, and was not then, in the service of the insurance company. He was employed by the defendant in error. Prindiville made application for him, and made the representations and warranties in his behalf. The policy was delivered to Prindiville as the agent of the defendant in error. It does not matter that the general agents of the insurance company delivered the policy to Prindiville for the defendant in error without exacting payment of the premium at the moment. If they saw fit to trust either of them for the amount until Prindiville could hand to his principal the policy and receive the premium, that was their choice and risk. The policy was none the less delivered when it was handed to Prindiville as the agent of the defendant in error, and was in force from that moment. If the property covered by it had been destroyed before Prindiville had opportunity to hand the policy to his principal, it would have been a loss covered by this policy. It was effective according to its terms from the moment of the delivery of the policy to Prindiville. Upon the question whose agent was he, the fact that the general agents allowed to Prindiville a certain proportion of their commission for placing the insurance in their company, if coupled with other facts, might be of some avail in determining the question of agency; but, standing alone, it is without probative force.

Thus, the supreme court of Illinois has said, in Insurance Co. v. Rubin, 79 Ill. 404:

"This supposed agent is Mr. Ludlum, who was not at that time, nor at any other time, the appointed agent of the company. He was a man in the habit of picking up, as a broker on the street, any risk of which he might get information. It was on his application to appellee that the policy was written. After this, Ludlum took the application to the agent of the company, and obtained the policy in question. In this he was the agent of appellee, and not of appellant. The fact that the agent allowed him a commission does not change the character in which he acted."

And so, also, in Insurance Co. v. Brooks, 83 Md. 22, 34 Atl. 373, the principle is thus stated:

"It appears to be well settled that, when one engages another to procure insurance, the person so employed is agent for the insured, and not for the insurer, in all matters connected with such procurement."

See, also, Insurance Co. v. Klewer, 129 Ill. 599, 611, 22 N. E. 489; Standard Oil Co. v. Triumph Ins. Co., 64 N. Y. 85; Devens v. Insurance Co., 83 N. Y. 168; Mellen v. Insurance Co., 5 Duer, 101; Insurance Co. v. Reynolds, 36 Mich. 502; Insurance Co. v. Hartwell, 123 Ind. 177, 24 N. E. 100; Hamblet v. Insurance Co., 36 Fed. 118; Ostr. Ins. § 45; Mechem, Ag. § 931; Whart. Ag. § 708; May, Ins. §§ 122, 123.

We come, then, to the question whether, under the statute of the state of Illinois, Prindiville must be regarded as the agent of the insurer, and in what respect such agent, and whether his knowledge should be imputed to the insurer. In other words, has the statute, as between insurer and insured, worked any change in the law? The statute to which we are referred is part of chapter 73 of the Revised Statutes of Illinois, and is part of section 40. That section treats of the terms upon which foreign companies may be authorized to do business in the state of Illinois. It provides for the appointment of an attorney in the state upon whom process may be served, and that a written instrument certifying such appointment shall be lodged with the auditor of public accounts. It provides that a copy of the charter shall be filed with the auditor, for the deposit of certain securities by a company organized under any foreign government, and that it shall not be lawful for any agent to act for any company referred to in taking risk or transacting the business of fire or inland navigation insurance in the state of Illinois without procuring from the auditor of public accounts a certificate of authority stating that the company has complied with the requisitions of the act, and providing a certain penalty for violation of the act. Then follows the provision in question:

"Every agent of any insurance company shall, in all advertisements of such agency, publish the location of the company, giving the name of the city, town or village in which the company is located, and the state or government under the laws of which it is organized. The term 'agent or agents,' used in this section, shall include an acknowledged agent, surveyor, broker, or any other person or persons who shall, in any manner, aid in transacting insurance business of any insurance company not incorporated by the laws of this state."

The subsequent section of the chapter provides for revocation of the certificate by the auditor in case of false annual reports, for the examination by the auditor into the business of the company, and contains general provisions with respect to the inspection of state and foreign companies. The part of the statute quoted is the only provision to which we are referred, or which we have been able to find, upon which is rested the contention that Prindiville is thereby created the agent of the insurance company.

It is apparent from the examination of the provisions of this chapter that the legislature of the state of Illinois is dealing with the relations which shall exist between foreign insurance companies and the authority of the state, and, as to them, declares what shall be done by such companies before they shall be authorized to do business within the state, or to continue the business of insurance under such authorization. It provides penalties for any infraction of the law. It sought to so hedge about the transaction of the business of

insurance that no foreign insurance company, by any cunning device, could overreach the statute and transact business within the state without compliance with the terms of the statute. It imposes penalties, not only upon the company which should so unlawfully transact business within the state, but, since the company was beyond the reach of its courts, like penalties were imposed upon any one within the state who should act for such company unlawfully transacting business within the state. And, that there might be no escape from compliance with the law, it was enacted that the term "agent," as used in the section in question, should include an acknowledged agent, surveyor, broker, or other person or persons who shall in any manner aid in transacting insurance business of any insurance company not incorporated by the laws of the state. Any such person was declared to be the agent of the company with respect to the penalties declared by the statute. This was done that there might be no evasion of the statute. This view of the sense in which the term "agent" is defined, and the purpose sought to be accomplished, throws light upon the decisions of the supreme court of Illinois which we are about to consider. The statute did not undertake to say that, as between the insurer and insured, one who acts for the insured in procuring insurance should be deemed to be the agent of the insurer.

The case of People v. People's Ins. Exchange, 126 Ill. 466, 18 N. E. 774, was an action brought in the name of the people to recover certain penalties provided by the section of the statute to which we have referred. The defendant was a corporation of Illinois, had an office in Chicago, and was engaged in soliciting and procuring insurance, delivering the policies, and collecting premiums. It clearly appeared that its actual business was to procure insurance for various parties in insurance companies doing business in other states which were not allowed to transact the business of insurance in the state of Illinois; and the defendant insisted that it acted, not as agent of the insurer, but as agent of the insured. It clearly was a case of an attempted evasion of the statute. It solicited the insurance. Policies were issued upon its representations to the foreign companies as to the condition and situation of the property proposed to be insured. The policies were sent by mail to the defendant, and by it delivered to the insured. It collected the premium, and remitted the same to the insurance companies, deducting the commissions. Clearly, it was the agent of the foreign companies, within the meaning of the statute, and properly subject to the penalties the statute imposed. As the court remarked:

"Suppose the defendant corporation was not the agent of the foreign insurance companies, in the ordinary sense of that term, still, if it in any manner aided these companies in the transaction of the business, it will, within the meaning of the act, be liable."

We certainly are not inclined in any way to dissent from that decision.

In Insurance Co. v. Ruckman, 127 Ill. 364, 20 N. E. 77, an action in chancery was brought by the insured for the reformation of a policy of insurance, and for a decree for the amount of the loss. Whipple and Smiley were the agents of the insurance company at Alton. Milne

was in their service, and accustomed to solicit insurance for them. He solicited the insurance then in question, and assured the complainant that, if the insured premises did not remain vacant to exceed 30 days, the insurance would not be affected thereby, and agreed that the policies to be issued should so provide. On the following day, the complainant applied at the office of Whipple and Smiley for the policy, and found Milne there alone. The latter filled up a blank policy, delivered it to the complainant, and received from him the premium. The complainant was an illiterate man, being unable to read or write, which fact was known to Milne at the time. Upon being asked whether the clause in relation to the vacancy of the buildings was in the policy, Milne assured him that it was, and the complainant had no knowledge to the contrary until after the destruction of the buildings by fire. Here was clearly a case of fraud, and the policy was properly reformed to correspond with the contract made. And it is equally clear that Milne was authorized and accustomed to solicit and to make contracts of insurance. Having determined the case upon the ground that the act of Milne was the act of Whipple and Smiley, the agents of the company, and was within the authority which they had from the company, the opinion proceeded obiter to consider the statute in question. The writer of the opinion would seem to have inadvertently overlooked the sense in which the word "agent" is used in the statute, or the purpose for which it was employed. The opinion says properly enough that the general assembly had the undoubted right to make foreign companies responsible, not only for the acts of those who are in fact their agents, but of those who assume to act as their agents, and in fact aid them in the transaction of their insurance business, and then proceeds: "That such was the intention of the statute seems too plain to admit of doubt. We placed this construction upon said statute in People v. People's Ins. Exchange, 126 Ill. 466, 18 N. E. 774." As we have shown, that case was one between the people of the state and the insurance exchange, to enforce certain penalties of the statute, and is not authority for the assertion that as between insurer and insured the statute made or designed any change in the law. It is proper also to observe that Milne was unquestionably authorized to solicit insurance by the general agents of the insurance company, and had authority to make the contract, and that, irrespective of any statute upon the subject; while, in the case with which we have to deal, Prindiville did not assume to act, nor did he aid them in the transaction of its insurance business, but acted for the insured. The opinion asserts authority for its conclusion in the respect mentioned in the decisions of the supreme court of Wisconsin upon the statute of that state. That statute differs widely from the Illinois statute, and does not treat alone of the relations between the state and the company, but is general. It is as follows (Rev. St. Wis. 1898, § 1977):

"Whoever solicits insurance on behalf of any insurance corporation or person desiring insurance of any kind, or transmits an application for or a policy of insurance, other than for himself, to or from any such corporation, or who makes any contract for insurance, or collects any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business of like nature for any insurance corporation, or advertises to do

any such thing, shall be held to be an agent of such corporation, to all intents and purposes, unless it can be shown that he receives no compensation for such services."

Under this statute it is held that the rule was changed which required the insured at his peril to know whether the person with whom he is dealing had the power he assumed to exercise, or whether he was acting within the scope of his authority, and that one who procures policies from an authorized agent, delivers them, and collects and shares in the premium, is the agent of the company (Schomer v. Insurance Co., 50 Wis. 575, 7 N. W. 544; Knox v. Insurance Co., 50 Wis. 671, 7 N. W. 776); and that one who applies for insurance, and delivers a policy in a company not represented by him, but by other agents, is its agent (Alkan v. Insurance Co., 53 Wis. 136, 10 N. W. 91; Body v. Insurance Co., 63 Wis. 157, 23 N. W. 122). But it is also held that the statute does not change the rule respecting the relations of principal and agent, and cannot be construed to prevent an insurance broker employed to procure insurance from another from being the agent of the assured at the same time in procuring the policy; and the same rule applies as in other agencies, —that the principal is bound by the acts and representations of the agent within the scope of his authority. John R. Davis Lumber Co. v. Hartford Fire Ins. Co., 95 Wis. 226, 70 N. W. 84. The true meaning of the statute is well expressed in Hankins v. Insurance Co., 70 Wis. 1, 35 N. W. 34: That the word "agent" is limited to the act of the particular person doing one or more of the things specifically designated; in other words, whenever an insurance company authorizes any person to do any one of the things thus specified, it cannot disclaim the agency of such person in the doing of anything necessarily implied in the specific act thus authorized, and that the word "agent," as used in these statutes, means, as expressly stated in the Illinois statute, an authorized agent of the company.

In Wood v. Insurance Co., 126 Mass. 316, it is said of a similar statute that the statute relating to agents of insurance companies does not change the relation of the common law regulating the power of agents to bind their principals, and that the statute cannot be construed so as to prevent the person who is agent for the insurer for some purpose by virtue of the statute, from being the agent of the insured for other purposes, and that he may well be the agent for each in matters which do not conflict.

We have here the acknowledged fact that Prindiville was never employed by the plaintiff in error, nor authorized to act for it; that he was the agent of the insured in procuring the policy, and in the application which he made. If it may be said with respect to the actual delivery of the policy by him to the assured that he was therein the agent of the insurer, the knowledge which he had of other insurance, derived from his agency for the insured, is not chargeable to the insurer merely because the company authorized him to deliver the policy drawn in accordance with the contract made, and upon representations made by him as agent of the insured. See, also, Ostr. Ins. § 40, where the statutes of the various states are reviewed.

We need not stop to consider the Iowa statute, which is widely

different from that before us, nor refer to the case of Bennett v. Insurance Co., 70 Iowa, 600, 31 N. W. 948, further than to say that in that case the agent of the company, having authority to solicit insurance and issue policies, sent his clerk to solicit a risk and take an application, and the clerk soliciting and taking the application knew of other insurance upon the property; and it was held—we think properly so—that the company was bound by the knowledge of the clerk, who must be regarded as the company's soliciting agent.

We recognize the rule that the federal courts are bound to follow that construction of a state statute which has been deliberately placed upon it by the court of last resort of such state. If we could find such deliberate holding and construction here, we should follow it, although it was opposed to our own views of the question. But we cannot say here that there has been any such deliberate construction of the statute. The only expression which in any way can be construed to militate with our own view is, as we have shown, an obiter expression in an opinion, and that expression is not binding even upon the court in which it was rendered. We think the expression is manifestly inadvertent, and without consideration of the sense in which the term "agent" is employed in the statute. It is directly opposed to the construction placed upon much broader statutes by the supreme courts of Massachusetts and of Wisconsin, the latter of which is erroneously invoked as authority by the author of the expression which it is said should control our judgment. We cannot consider the inadvertent expression in that case as a deliberate decision, giving a settled construction to the statute.

It was urged at the hearing that the other insurance effected upon the property was contemporaneous with the insurance in question, and did not fall within the condition which rendered the policy void, "if insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on the property covered, in whole or in part, by this policy." The case of Insurance Co. v. Davison, 30 Md. 91, is relied upon to sustain this contention. We think the cases clearly distinguishable. There the plaintiffs applied to the defendant company, seeking their whole insurance from that company; and the latter company, before issuing its policy, and for its own convenience, and not at the request of either of the plaintiffs, applied to the Maryland Company to share the risk. The premises were examined by the secretaries of the two companies together, with the view of taking the risk conjointly. Both policies as originally drawn were alike, of the same date, for the same amount, and the premiums paid to both companies on the same date. The court says, on page 109:

"It thus appears the Maryland policy was effected with full knowledge on the part of the defendant,—indeed, at its request and for its convenience; that both policies were precisely similar, and became effective and binding contracts at the same time. The proviso is that, 'if any other insurance has been or shall hereafter be made on the said property' without the consent of the company in writing indorsed thereon, the policy shall be void."

After observing upon the necessity of such clauses in policies of insurance, the court held that, under the circumstances stated, the

policy in the Maryland Company was neither prior nor subsequent to the policy sued on, but took effect contemporaneously, and was not within the spirit or letter of the clause in question. Without undertaking to criticise the ground upon which that decision rested, it is enough to say that we fully concur in the result there reached. The Washington Company, having itself procured the issuing of this policy, was estopped, in our judgment, to assert the condition prohibiting other insurance, or must be deemed to have waived it. Possibly this would be the better ground upon which to have placed the decision. But the facts of the case are widely divergent from those here presented. We do not think that decision controlling or relevant here. We are satisfied that a correct result was arrived at in our previous decision.

It is proper to say that Judge SHOWALTER sat at the hearing, and is understood to have concurred in the result, but died before the preparation of this opinion.

The judgment is reversed, and the cause remanded to the court below, with direction to award a new trial.