Groszewski v. Chicago Sugar Refining Co.

---

84  583<br>84  653<br>84  583<br>88  646

## John Groszewski v. Chicago Sugar Refining Co.

1. Jury—*When the Court Should Not Take the Case From.*—If the evidence tends to prove the plaintiff's case the court should not take it from the jury. Evidence tending to prove is "evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of the party producing it."

2. NEGLIGENCE—*When it May Become a Question of Law.*—Questions of negligence may become questions of law, and come within the province of the court, so that a particular verdict may be directed.

3. SAME—*When a Question for the Jury.*—Where the facts are such that men of fair intelligence may draw different conclusions, the question of negligence must be submitted to the jury.

4. INSTRUCTIONS—*To Find for One of the Parties—Province of a Court of Review.*—In determining the legality of an instruction to find for the defendant a court of review has nothing to do with questions as to the preponderance of the evidence or the credibility of the witnesses, or the force to be given to evidence tending merely to impeach the veracity of witnesses. The only question to be considered is whether any evidence was given which, if true, would have tended to support a verdict for the plaintiff.

**Action for Personal Injuries.**—Trial in the Superior Court of Cook County; the Hon. GEORGE A. TRUDE, Judge, presiding. Verdict and judgment for defendant by direction of the court; error by plaintiff. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed October 19, 1899.

C. J. and J. J. BELINSKI, attorneys for plaintiff in error; ROSENTHAL, KURZ & HIRSCHL, of counsel.

LACKNER, BUTZ & MILLER, attorneys for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Plaintiff in error sued defendant in error in case for alleged negligence, *per quod* plaintiff was injured. At the conclusion of plaintiff's evidence the jury, by peremptory direction of the court, returned a verdict of not guilty, and judgment was rendered on the verdict. To reverse the judgment this writ of error was sued out. No question is raised as to the pleadings. Plaintiff is a laboring man, and at the time of the accident hereinafter mentioned had been in the employ of the defendant about seven years. Plaintiff testified that he was originally employed by defendant's foreman, and at the time of the accident he had been employed in removing ashes from defendant's boiler room. February 26, 1897, the foreman of the boiler room, who was then outside of that room, called to the plaintiff, who was

then in the boiler room engaged in his work, to come out and help to shove a car into the boiler room, through a door on the east side of that room, and to hurry. It was about fifty steps from the place where plaintiff was working to the place where the car was when the foreman called him. Plaintiff obeyed the foreman, left the place where he was working and went to the car. When he reached the car, which he describes as a big open coal car, he says other men, he does not know how many, were engaged in shoving the car, and it was moving toward the door from east to west. Plaintiff took hold about the middle of the car, on the north side of it, to help shove it; there was a man in front of him and others behind him, on the same side of the car, shoving it. The space between the car and the side of the door, as the car moved through the door on the tracks, was about nine inches. The door was an opening in the wall of the building, which wall was from eighteen to twenty inches in thickness, so that the side or jamb of the door was from eighteen to twenty inches wide. Plaintiff was a large, stout, fat man. The man in front of him was a small man, and passed safely through between the moving car and the door, but plaintiff was caught in this space and was squeezed, twisted around, jammed and injured. It is difficult to tell from the evidence the exact position of plaintiff while shoving the car. It is thus described in the abstract of his testimony: "I was holding my head thus (indicating sideways), with my hands out in front." In another place he says: "I was on the right side of the car and had my two hands against the car, one ahead of the other, with my head down, my face to the front." Plaintiff testified that he had never pushed a car through the door before, and another witness, who was boiler tender and had been in defendant's employ ten years, testified that he had never seen plaintiff push a car through the door. The same witness testified: "The men would push them through from behind; when they got into the inside of the house, they were pushing on the side." Sometimes the cars were moved into the boiler room by an

engine.' The evidence tends to show that defendant's foreman was superintending the moving of the car, and a jury might legitimately infer from the evidence that the foreman saw the positions of the men, including plaintiff, who were shoving the car. Plaintiff had previously passed through the door, but while no car was standing in it. Nothing was said to him about passing through the door. The court, without any motion so to do by defendant's counsel, took the case from the jury.

The questions are whether the court can say, as matter of law, that the plaintiff omitted.to exercise ordinary care, which omission contributed to or caused the injury, or whether we can say, as matter of law, that the foreman, in omitting to warn plaintiff against attempting to go through the door, between the side of the door and the car, was not guilty of negligence.

If the evidence tended to prove the plaintiff's case, the court should not have taken it from the jury. Evidence tending to prove is "evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff or the party producing it." Offutt v. Columbian Exposition, 175 Ill. 472.

In C. & N. W. Ry. Co. v. Hansen, 166 Ib. 623, the court say :

"If there is no fixed rule of law applicable to all cases, yet the question of negligence in each particular case may become a question of law and come within the province of the court, so that a particular verdict may be directed, if the evidence of the case is such that all reasonable men would be agreed in their conclusions from it. Where the facts are such that reasonable men of fair intelligence may draw different conclusions, the question of negligence must be submitted to the jury."

The province of a court of review, in passing on the question of the propriety of an instruction to find for one of the parties, is thus stated in Rack v. Chicago City Railway Co., 173 Ill. 289 :

"We have nothing to do with any question as to the preponderance of the evidence, or the credibility of the

witnesses, or the force to be given to the evidence having a tendency merely to impeach the veracity of the witnesses. The only question is whether any evidence was given which, if true, would have tended to support a verdict for plaintiff." See also Roberts v. C. & G. T. Ry. Co., 78 Ill. App. 526, and cases cited.

In People v. People's Insurance Co., 126 Ill. 466, the court, in considering the propriety of an instruction to find for the defendant, say:

" We are not here called upon to determine whether the evidence was sufficient to entitle plaintiff to recover, or the weight to be given to the evidence, but we will look to the evidence for the purpose of determining whether it fairly tended to establish plaintiff's cause of action, and if it did, then the court erred in taking it from the jury by the instruction."

In Ferren v. Old Colony Railroad, 143 Mass. 197, the facts were very similar to the facts in the present case, and the court held that the trial court erred in directing a verdict for the defendant. We can not say that reasonable men of fair intelligence might not draw different conclusions from the evidence.

The judgment is reversed and the cause remanded.