## West Chicago Street Railroad Co. v. Nils Nilson.

1. NEGLIGENCE—*Of Street Railway Operating Double Track.*—A plaintiff bringing suit for personal injuries against a street railway company operating a double track railroad showed that he came near the track as a car was approaching; that he waited for it to go by and then undertook to go on his way, passing behind it, and was knocked down and hurt by a car on the other track going the other way, of which car he had no warning. *Held,* that a verdict finding the defendant guilty of negligence and the plaintiff in the exercise of ordinary care must stand.

2. ORDINARY CARE—*All That Is Required.*—An instruction telling a jury that on a certain hypothesis a plaintiff suing for personal injuries

should have exercised "the highest degree of vigilance and care for his own safety" is bad. The duty of the plaintiff was only to exercise such vigilance and care as reasonably prudent and cautious persons exercise under like circumstances.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

ALEXANDER SULLIVAN, attorney for appellants; EDWARD J. McARDLE, of counsel.

The operation of street cars by either cable or electricity in the street is attended with hazard and danger, and appellee is presumed to know that, and act with care accordingly. Carson v. Fed. St. Ry. Co. (Pa.), 35 Cent. L. J., 145; Ehrisman v. E. H. C. P. Ry., 24 Atl. R. 596.

While the law does not pronounce the failure to look and listen on approaching a railroad crossing negligence *per se*, the courts, when vested with power to pass on questions of fact, regard the absence of these precautions—without explanation—negligence. Partlow v. Illinois C. R. R. Co., 150 Ill. 321.

Taking place of danger is an assumption of all attending risks. Illinois C. R. R. Co. v. Beard, 49 Ill. App. 232; Illinois C. R. R. Co. v. Hall, 72 Ill. 222; Simmons v. C. &. T. R. R. Co. 110 Ill. 340; Peoria v. Walker, 47 Ill. App. 182; Beach, Contrib. Neg., Sec. 12; Halpin v. Third Ave. R. R. Co., 40 N. Y. Super. 175; Johnson v. Canal & C. Ry. Co., 27 La. Ann. 53; Mercier v. New Orleans & C. R. R. Co., 23 La. Ann. 264, Miller γ. St. P. Ry. Co., 42 Minn. 454; Morris v. L. S. & M. S. Ry. Co., 42 N. E. Rep. 579; Rose v. Phila. R. R. Co., 12 Atl. Rep. 78; Smith v. Marine C. R. R. Co., 87 Me. 339, Trousclair v. Pac. C. S. Co., 80 Cal. 521.

Persons assuming or going into places which ordinarily prudent men regard as extra hazardous are required to exercise care in proportion to the danger. Chicago, B. & Q. R. R. Co. v. Olson, 12 Ill. App. 245; Chicago & N. W. Ry. Co. v. Reilly, 40 Ill. App. 416; Beach, Contrib. Neg. Sec. 9, p. 22; Barker v. Savage, 45 N. Y. 191; B. & O. R. R. Co. v. Whitacre, 35 Ohio St. 627; Chicago, R. I. &. P. R. R. Co.

West Chicago St. R. R. Co. v. Nilson.

v. Houston, 95 U. S. 697; Childs v. N. O. City R. R. Co., 33
La. Ann. 154; Gumb v. 23d St. Ry. Co., 53 N. Y. Super.
466; Miller v. St. P. Ry. Co., 42 Minn. 454.

The cars of appellant have a preference on their tracks
and the traveler should give way and inform himself whether
a necessity therefore exists.     Booth St. Ry. Law, Sec. 303;
Chicago, B. & Q. R. R. Co. v. Lee, Admr., 87 Ill. 454; Baker
v. Eighth Ave. R. R. Co. 69 N. Y. Sup. Ct. 39; Carson v. Fed.
St. Ry. Co., 35 Cent. L. J. 145; Child v. N. O. & C. R. R. Co.,
33 La. Ann. 154; Donnelly v. B. City R. R. Co., 109 N. Y.
16; Ehrisman v. E. H. C. P. Ry. Co., 24 Atl. R. 596; Flecken-
stein v. D. D. E. B. & B. R. Co., 105 N. Y. 655; Smith v. M.
C. R. R. Co., 87 Me. 339; Thomas v. Citizens P. R. R. Co., 132
Pa. St. 504; Warner v. People's St. Ry. Co., 141 Pa. St. 615;
Wilbrand v. Eighth Ave. R. R. Co., 3 Bosw. 5 N. Y. Sup. 314.

JOHN F. WATERS, attorney for appellee.

A cable railway company operating dangerous machinery
at a rapid speed on and along a public street of a city must
know, and in law is bound to know, that men, women and
children have an equal right to the use of the highway and
will be upon it.     Winters v. Kansas City R. R. Co., 40 Am.
and Eng. R. R. Cases, 261; 12 S. W. Rep. 652.

It is the duty of the company's servants to be on the look-
out and to take all reasonable measures to avoid injuries to
persons on the streets.

The gripman of a cable train should always be on the
alert to avoid dangers and his attention should never be
diverted from his duties.     Shnur v. Citizens Traction Co.,
153 Pa. St. 29.

Failure of a person to look and listen before crossing the
tracks of an electric railway in a public street. where cars
have not the exclusive right of way is not negligence as a
matter of law, like it might be if it were a steam railroad.
Robbins v. Springfield St. R. R. Co., 165 Mass. 30; 42 N. E.
Rep. 334.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The evidence for the appellee warranted the conclusion

by the jury that on a very dark night, November 30, 1894, at nearly seven P. M., the appellee attempted to cross Milwaukee avenue from the north to the south on the east crosswalk on Western avenue. Milwaukee avenue is a northwest and southeast street, and occupied by a double track cable line. A car was crossing that crosswalk, going northwest on the right hand track as the car was going. The appellee came near to it, waited for it to go by, undertook then to go on his way, passing behind it, and was knocked down and hurt by a car on the other track going the other way, of which car he had no warning. He sued and recovered, as, under such circumstances, was inevitable. Cars on a double track, passing each other at street intersections, where the one going hides from the pedestrian the one coming, make a case for a jury to treat as negligence. Chicago City Ry. v. Wilcox, 33 Ill. App. 450.

And whether the failure by the pedestrian to anticipate such a method of operating the cars, and guard against it, is a want of ordinary care, is a question to which the answer of a jury is never in doubt.

The argument here by the appellant is all upon the evidence, except complaint is made of the refusal of one instruction which was given in another, and the refusal of one that upon a certain hypothesis the appellee should have exercised " the highest degree of vigilance and care for his own safety." That is a degree of vigilance and care required only where one party owes a duty to the other, as a passenger carrier to his passengers. An instruction should not deal in superlatives.

The duty of the appellee was to exercise such vigilance and care as reasonably prudent and cautions persons exercise under like circumstances. Chicago, St. P. & K. C. R. R. v. Ryan, 62 Ill. App. 264.

That is short of the highest reach of human endeavor. The judgment is affirmed.