## Calumet Electric St. Ry. Co. v. Frederick Lynholm.

1. NEGLIGENCE—*Absence of Lights Upon Electric Cars.*—Headlights should be placed upon electric cars on dark nights so as to enable the motorman to see wagons in time to prevent collisions.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge,

presiding.  Heard in this court at the March term, 1897.  Affirmed.
Opinion filed June 14, 1897.

### STATEMENT OF THE CASE.

This appeal is brought from a judgment for $500 ren-
dered against the appellant in the Superior Court of Cook
County in favor of Frederick Lynholm.

On the night of September 3, 1894, appellee was driving
eastward on 95th street; the night was dark and it rained
intermittently.

Appellant maintained a street car line with two tracks
on 95th street.  On the south or east-bound track appellee
was driving a one-horse wagon when he was overtaken by
an east-bound car.  Appellee being signaled by the gong
and hallooing of the motorman to turn out, did so in the
only way he could, viz., by going on to the north track.

At this time a west-bound car was approaching from the
east, about two blocks away; this car struck the wagon of
appellee, and he being thrown forward, was caught in the
arms of the motorman and set down on the front platform
of the car.

JUDSON F. GOING, attorney for appellant.

CASE & HOGAN and MUNSON T. CASE, attorneys for
appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE
COURT.

We quite agree with the opening sentence of appellant's
argument, that " There was no reason, from appellee's own
statement, why he should have been run into."

Why did appellant, without reason, run into him ?  His
right to be upon the track was the equal of appellant's.

Even had he willfully remained upon the track for the
purpose of obstructing the way, appellant would have had
no right to run into him in the manner it did.

The night was dark, but there should have been such

headlight upon the car as would have enabled the motor-man to see the wagon in time to prevent a collision. The motorman at all events should have run his car with reference to the distance he could see, and so as not to collide with a team or person walking upon the track.

Whether, after the passage of the east-bound car, there had been sufficient time for appellee to return to that track, and whether he exercised ordinary care, were questions of fact for the jury.

The damages are not excessive.

The jury was fairly instructed, and the judgment of the Superior Court is affirmed.