# Mary E. Roberts v. Chicago & Grand Trunk Ry. Co.

1. PERSONAL INJURIES—*Prima Facie Case.*—In a suit for damages on account of injuries alleged to have been received while a passenger on the defendant's railway, by reason of defendant's negligence, proof that the plaintiff became a passenger on defendant's railway at Chicago, to be carried to New York—that the train on the passage left the track, and a number of cars, including that in which the plaintiff was riding, were turned over and the plaintiff injured without any fault on her part— makes a *prima facie* case for the plaintiff, and casts upon the defendant the burden of proving that the derailment of the train was not owing to any fault on its part.

2. PRACTICE—*Motions to Exclude Evidence and to Find for the Defendant.*—Motions to exclude evidence and motions to instruct the jury to find for the defendant, are in the nature of demurrers to the evidence, and admit not only all that the testimony proves, but all that it tends to prove.

3. INSTRUCTIONS—*To Find Against the Party Holding the Affirmative.*—If there is no evidence before the jury on a material issue, in favor of a party holding the affirmative of that issue. on which the jury can reasonably find in his favor, the court may exclude the evidence, or direct the jury to find against such party; but when there is such evidence before the jury, it must be left to them to determine its weight and effect.

4. SAME—*Province of the Judges in Weighing Evidence.*—In such a case it is not within the province of the judge to weigh the evidence and ascertain where the preponderance is. His function is strictly limited to determining whether there is, or is not, evidence legally tending to prove the fact affirmed; that is, evidence from which, if credited, it may reasonably be inferred that the fact affirmed exists, excluding entirely the effect of all modifying or countervailing evidence.

5. SAME—*To Find for Defendant, When Erroneous.*—If the evidence introduced on the trial reasonably tends to prove the plaintiff's cause of action, an instruction to find for the defendant is erroneous.

6. SAME—*Duty of the Court in Considering the Propriety of an Instruction to Find for the Defendant.*—In considering the propriety of an instruction to find for the defendant, the court has nothing to do with the questions as to the preponderance of the evidence. credibility of the witnesses, or the force to be given to evidence having a tendency merely to impeach the veracity of witnesses. The only question to be considered is whether there is any evidence which, if true, tends to support a verdict for the plaintiff. The function of the trial judge is strictly limited to determining whether there is or is not evidence legally tending to prove the fact or facts affirmed.

7. PRACTICE—*When a Case is Not to be Withdrawn from the Jury—*

*The Better Practice.*—A cause should not be withdrawn from the jury unless the testimony is of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it. The better practice in doubtful cases is to submit the issues to the jury; then, if upon full argument, on motion for a new trial, the court becomes satisfied that the verdict is manifestly against the weight of the evidence, to set it aside and grant a new trial.

8. EVIDENCE—*Opinion of a Witness, When Improper.*—A question calling for the opinion of a witness as to the cause of the derailment of a car, where the contest between the parties is as to whether some third person caused the displacement of the rail, or whether such displacement was owing to a defective condition of the road-bed, or other causes which might have been attributed to the company's fault, is incompetent; the fact is for the jury on the evidence, and such a question, in so far as it calls for the opinion of the witness as to whether some third person caused the displacement, is improper.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Verdict for defendant by direction of the court. Error by plaintiff. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed July 21, 1898. Rehearing denied, November 2, 1898.

LENNARDS, AUSTIN & JONES, attorneys for plaintiff in error; JOHN F. WATERS, of counsel.

SAMUEL A. LYNDE, attorney for the defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

This was an action by plaintiff in error against defendant in error for damages on account of injuries alleged to have been occasioned to plaintiff while a passenger on the defendant's railway, by reason of defendant's negligence. July 18, 1894, plaintiff became a passenger on defendant's railway at Chicago, to be carried thence to New York City. About three o'clock in the morning of July 16th, when about a mile and a half west of Battle Creek, Michigan, the train left the track, and a number of cars, including that in which the plaintiff was riding, were turned over, and the plaintiff was injured without any fault on her part. Proof of these facts made a *prima facie* case for the plaintiff. Railroad

Co. v. Yarwood, 17 Ill. 509; Railway Co. v. Thompson, 56 Ib. 138; N. C. St. Ry. Co. v. Cotton, 140 Ib. 486; W. C. St. R. R. Co. v. Martin, 154 Ib. 523; R. R. Co. v. Blumenthal, 160 Ib. 40.

This cast upon the defendant the burden of proving that the derailment of the train was not owing to any fault on its part; that it was not owing to the omission of any duty incumbent on it as a common carrier of passengers.

The track, immediately after the accident, appears from defendant's evidence to have been as follows: On the south side of the track the inside angle-bar which had been at the joint of two rails was out of place, and the west end of the east of the two rails joined together by it and the outside angle-bar, was turned toward the center of the track from six to eighteen inches, thus leaving from six to eighteen inches between the ends of the rails previously joined together by the angle-bars. The outside angle-bar remained attached to the east end of the west rail, spiked down and in its proper place. The defendant introduced evidence to the effect that there was a strike of railroad employes June 30, 1894, commencing about midnight; that traffic was then suspended and not resumed until July 2d, and that normal conditions were not attained till July 13th or 14th; that numbers of railroad employes were discharged on account of the strike, and that while matters were in this disturbed condition it was deemed advisable for defendant to procure, and it did procure, the assistance of the United States marshal and the sheriff and their deputies. The defendant's evidence tended to prove that the rail was displaced by some person or persons over whom it had no control and for whose conduct it was not responsible; that the spikes which held the angle-bar in place, and the bolts which served a like purpose, were drawn and removed by some person or persons, and were not broken by the running of the train, and also that the track and road-bed were in good condition, and that the company was diligent in observing the condition of the track up to within half an hour of the accident.

The plaintiff, on the contrary, introduced evidence in rebuttal tending to prove that the spikes and bolts were broken; that the road-bed at the place of the accident was in bad condition, and that the derailment was caused otherwise than as claimed by defendant. At the conclusion of all the evidence, the court, on motion of defendant's counsel, instructed the jury to find the defendant not guilty, and a verdict and judgment were entered accordingly. The rule in such case is thus stated in Frazer v. Howe, 106 Ill. 563 : " Motions to exclude evidence and motions to instruct the jury to find for the defendant in such cases, are in the nature of demurrers to the evidence, and hence they admit not only all that the testimony proves, but all that it tends to prove. Penn. Co. v. Conlan, 101 Ill. 93. If there is no evidence before the jury on a material issue, in favor of a party holding the affirmative of that issue, on which the jury could, in the eye of the law, reasonably find in his favor, the court may exclude the evidence, or direct the jury to find against the party so holding the affirmative; but when there is such evidence before the jury, it must be left to them to determine its weight and effect. Best on Evidence, 1st Am. Ed. from 6th London Ed., Sec. 82, p. 112. In determining whether he gave such instruction, it is not within the province of the judge to weigh the evidence and ascertain where the preponderance is. His function is strictly limited to determining whether there is, or is not, evidence legally tending to prove the fact affirmed, *i. e.*, evidence from which, if credited, it may reasonably be inferred, in legal contemplation, the fact affirmed exists, laying entirely out of view the effect of all modifying or countervailing evidence." Ib. 573–4.

The rule stated *supra* has been approved in a number of subsequent cases, notably in Bartelotte v. International Bank, 119 Ill. 271.

In People v. People's Ins. Co., 126 Ill. 466, the trial court, at the conclusion of all the evidence, instructed the jury to find for the defendant. On appeal, the court, after citing Simmons v. Railroad Co., 110 Ill. 340, and Frazer v. Howe,

*supra*, say: "Under the rule announced in the case cited, if the evidence introduced on the trial reasonably tended to prove the plaintiff's cause of action, the instruction was erroneous. We are not here called upon to determine whether the evidence was sufficient to entitle the plaintiff to recover, or the weight to be given to the evidence, but we will look to the evidence for the purpose of determining whether it fairly tended to establish plaintiff's cause of action, and if it did, then the court erred in taking it from the jury."

In Rack v. Railway Co., 173 Ill. 289, decided at the April term, 1898, the court say: "In considering the propriety of such an instruction, we have nothing to do with any question as to the preponderance of the evidence, or the credibility of the witnesses, or the force to be given to the evidence having a tendency merely to impeach the veracity of the witnesses. The only question is whether any evidence was given which, if true, would have tended to support a verdict for the plaintiff." The limitations of the province of the trial judge are the same. In Wenona Coal Co. v. Holmquist, 152 Ill. 581, the court, p. 589, say: "When a motion is made to exclude the plaintiff's evidence, or an instruction to the jury to find for the defendant is asked, it is not within the province of the judge to weigh the evidence and ascertain where the preponderance is. His function is strictly limited to determining whether there is or is not evidence legally tending to prove the fact or facts affirmed," citing Frazer v. Howe and other cases. A cause should not be withdrawn from the jury unless the testimony is of such a conclusive character as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it (Ry. Co. v. Johnson, 135 Ill. 647), and we think it the better practice, in doubtful cases, to submit the issues to the jury, when, if upon full argument, on motion for a new trial, the court becomes satisfied that the verdict is manifestly against the weight of the evidence, the court can set it aside and grant a new trial. After a very careful examination of the evidence, we can not, in view of the decisions cited, escape the conclusion that the case should have been submitted to the jury.

On the trial the following occurred in the examination of James H. Hamilton, defendant's roadmaster and witness:

Q.  " From your knowledge of the condition of the track at the point where the accident occurred, and from your examination in relation to the removal of the bolts and the angle-bar on the inside, state, in your opinion, what was the cause of the displacement.  Was it due to the operation of the train or to some third person, in your opinion ? "

(Objected to for the reason that it appears from the testi-. mony of the witness that he was not at the scene of the wreck for over an hour after the wreck occurred, and does not know or pretend to know the exact condition of affairs when the engine struck the rail in question.  Objection overruled and exception.)

A.  " In my opinion the rail was moved to the north by some one—I can not say who—as the rail could not be in the position it was without being moved by some person or party."

We are of opinion that the question is not objectionable for the reasons stated by plaintiff's counsel, and therefore his exception was not well taken, but that it is objectionable in that it calls for incompetent evidence; namely, the opinion of the witness as to the cause of the derailment.  The very contest between the parties was as to whether third persons, for whose action defendant was not responsible, caused the displacement of the rail, or whether such displacement was owing to a defective condition of the track or road-bed, or other causes which might be attributed to appellee's fault.  This was a question for the jury on the facts in evidence, and the question, in so far as it called for the opinion of the witness as to whether some third person caused the displacement, was improper.  City of Chicago v. McGinn, 51 Ill. 266; Penn. Co. v. Conlan, 101 Ib. 93; Ill. Cen. Ry. Co. v. The People, 143 Ib. 434.

A similar question was asked George F. Upham, to which counsel for plaintiff objected on the ground that it called for the opinion of the witness.  The objection, for the reasons above stated, should have been sustained.

The judgment will be reversed and the cause remanded.