## Emma Wallen v. North Chicago St. R. R. Co.

1.  ORDINARY CARE—*Exercise of, a Question for the Jury.*—The question as to whether a person failed to exercise ordinary care, and if so, whether such failure caused the accident, and also whether he exercised ordinary care, in view of the circumstances of the case, are questions to be submitted to the jury.

2. SAME—*Street Cars' at Street Intersections.*—A greater degree of watchfulness on the part of employes of street railway companies is necessary at street intersections, and when approaching such intersections, than under other circumstances.

3. JURY—*Motion to Take a Case from, Not Regarded with Favor.*— Motions to take a case from a jury are not to be regarded with favor, and when reasonable minds, acting within the limitations prescribed by the rules of law, might reach different conclusions, the evidence must be submitted to the jury.

4. SAME—*When a Case Should Not be Withdrawn from a Jury.*—A case should not be withdrawn from the jury unless the testimony is of such a conclusive character as to compel the court, in the exercise of a sound legal discretion, to set aside a verdict returned in opposition to it. The better practice in doubtful cases, is to submit the issues to the jury, and if upon full argument, on a motion for a new trial, the court becomes satisfied that the verdict is manifestly against the weight of the evidence, to set it aside and grant a new trial.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Verdict for defendant by direction of the court; appeal by plaintiff. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed March 30, 1899.

**Statement of the Case.**—This was an action by appellant against appellee, for alleged negligence in the management of its cars, by reason of which one of its cars collided with and injured appellant.

Appellant was a passenger on one of appellee's cars moving east on North avenue, which is an east and west street. The evidence is conflicting as to whether the car was a close or open one. Appellant had a little child with her between four and five years of age. She sat on the south side, and a little to the rear of the center of the car, facing east.

Appellee has two tracks in North avenue. The cars moving east run on the south track and those moving west on the north track. The distance between the tracks is about four feet. The cars are operated by electricity. When the car in which appellant was riding crossed Sheffield avenue, a north and south street on which appellant lived, it stopped to permit her to alight, which she did at the southeast corner of North avenue and Sheffield avenue, taking her child with her, when the car from which she had

alighted moved slowly away as she went around the rear end of it, for the purpose of crossing the street on her way to her residence on Sheffield avenue north of North avenue. She crossed the space between the two tracks, and when she reached the centre of north or west bound track, she became aware that a car was approaching from the east and was close to her, when she swung her child, whose hand she held, over the track and out of danger, but was unable to save herself, and was struck, as the evidence tends to show, by the north footboard or north side of the car moving west, and injured. The accident occurred between six and seven o'clock May 14, 1896. One witness testified that the car which collided with appellant was running at the rate of from twelve to fifteen miles per hour, another from fourteen to sixteen miles per hour. Several witnesses, who saw the accident, testified that they heard no bell or signal. The appellant testified that she heard none, and two witnesses testified positively that no bell was rung. Appellant testified that as she moved around the rear end of the car from which she alighted, she could see east a distance of two or three car lengths, and saw no car approaching.

The court, at the conclusion of the evidence for appellant, instructed the jury to find the defendant not guilty, which they did, and judgment was rendered on the verdict.

MORSE, IVES & TONE, attorneys for appellant.

Where street car tracks are in close proximity, and a train of cars is run in one direction at a rapid speed, without signal or warning, over a crossing, while a car bound in the opposite direction is discharging passengers at such crossing, and the view of the person is obstructed by the standing car, the jury are warranted in finding that such conduct on the part of the street car company is negligence. Chicago City Ry. Co. v. Robinson, 127 Ill. 9; West Chicago Street R. R. Co. v. Nilson, 70 Ill. App. 171; The Chicago City Ry. Co. v. Wilcox, 138 Ill. 370.

The decided weight of authority is that the failure of a person to look and listen before crossing the tracks of a

street railroad in a public street where the cars have not the exclusive right of way, is not negligence as a matter of law, as it might be if it were a steam railroad. Evansville St. R. R. Co. v. Gentry, 147 Ind. 408; Robbins v. Springfield St. R. R. Co., 165 Mass. 30; McClain v. Brooklyn City Ry. Co., 116 N.Y. 459; Shea v. St. Paul City R. Co., 50 Minn. 395.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellee.

When the evidence given at the trial with all the inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant. Pleasants v. Fant, 22 Wall. 120; Randall v. Baltimore and O. R. R. Co., 109 U. S. 479; Martin v. Chambers, 84 Ill. 579; Simmons v. Chicago & T. R. R. Co., 110 Ill. 340; Lake Shore & M. S. R. R. Co. v. O'Conner, 115 Ill. 254; Bartelott v. International Bank, 119 Id. 259.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee's counsel contend that, as matter of law, on the facts in evidence, appellant was guilty of negligence, or want of ordinary care, which caused the accident, and therefore she can not recover. We are of opinion that whether the plaintiff failed to exercise ordinary care, and if so, whether such failure caused the accident, and also whether appellee exercised ordinary care, in view of the circumstances in evidence, were questions which should have been submitted to the jury. The east bound car on which appellant was a passenger had stopped for the purpose of permitting appellant to alight. That the car had stopped must have been apparent to appellee's employes in charge of the west bound car, on the hypothesis that they were looking ahead, as was their duty; and perceiving that the east bound car had stopped at a regular stopping place for taking on passengers, or allowing passengers to alight, they must have known that the car stopped for one of these purposes.

A greater degree of watchfulness on the part of street railway companies is necessary at street intersections, and when approaching such intersections, than under other circumstances. Booth on Street Railways, Sec. 306.

In Kelly v. Hendrie, 26 Mich. 255, the court (p. 261) say: " If, as represented by two of plaintiff's witnesses, the car was going at an unusual speed, the circumstance would have been of high importance if Mahan had been upon a street crossing, where it might have been the custom or the duty of the conductor to check or stop his car.

We regard the case of C. C. Ry. Co. v. Robinson, 127 Ill. 9, as conclusive that it can not be said, as matter of law, that appellant was guilty of negligence, or want of ordinary care, in attempting to cross the tracks as she did, and also as conclusive that the question whether the appellee was guilty of negligence which caused the accident, should have been submitted to the jury. Counsel for appellee seek to distinguish the case cited from the present, on the ground that the plaintiff sued as administrator of a minor aged six years, and that negligence could not be attributed to a child of that age. The distinction is clearly untenable because, as stated by the court in its opinion, the jury found that the minor exercised ordinary care (although it would appear that such finding was unnecessary), and also because the law announced by the court in that case is not limited to minors but is stated as of general application. Booth on Street Railways, top p. 429, note 7.

In Offutt v. Columbian Exposition, 175 Ill. 472, the court say of a motion to take a case from the jury: "It is true that such motions are not to be regarded with favor. The province of the jury must not be invaded (Frazer v. Howe, 106 Ill. 563), and when reasonable minds, acting within the limitations prescribed by the rules of law, might reach different conclusions, the evidence must be submitted to the jury." We can not say that the evidence in the present case is such that from it reasonable minds might not reach different conclusions. If the case had been submitted to the jury on the plaintiff's evidence, and the jury had found for

the plaintiff, we can not say that the question whether the verdict should have been set aside on the ground that it was not sustained by the evidence, would not have been a debatable question.

In W. C. St. R. R. Co. v. Nilson, 70 Ill. App. 171, a verdict rendered for the plaintiff under somewhat similar circumstances was sustained.

In Roberts v. C. & G. T. Ry. Co., 78 Ill. App. 526, the court say : " A cause should not be withdrawn from the jury unless the testimony is of such a conclusive character as to compel the court, in the exercise of a sound legal discretion, to set aside a verdict returned in opposition to it (Ry. Co. v. Johnson, 135 Ill. 647), and we think it the better practice, in doubtful cases, to submit the issues to the jury, when, if upon full argument on motion for a new trial, the court becomes satisfied that the verdict is manifestly against the weight of the evidence, the court can set it aside and grant a new trial." What is here said is equally applicable when the question is whether the verdict is sustained by the evidence.

The judgment will be reversed and the cause remanded.