# CASES

IN THE

# APPELLATE COURT OF ILLINOIS.

| 98 | 1 |
|-----|------|
| 108 | ¹262 |

## Lewis C. Canfield v. North Chicago St. R. R. Co.

1. PRACTICE—*Motions to Direct a Verdict for the Defendant.*—In passing upon a motion made in a trial to direct a verdict for the defendant, if the evidence is such that reasonable men of fair intelligence might draw from it different conclusions as to whether the facts necessary to create a liability had been established, then the motion should be overruled and the evidence submitted to the jury.

2. STREET CAR COMPANIES—*Rights of Pedestrians in Streets Occupied by.*—Pedestrians have the same right to the use of a street occupied by a street railway company as the railway company itself has, the only distinction being that as its cars run upon a fixed track, the pedestrian must reasonably give way while passing along its track.

3. SAME—*Duty to Give Warning, When.*—It is the duty of street railway companies to give warning, by sounding a bell or otherwise, on their approach to a public street crossing.

4. SAME—*Negligence in Failing to Display a Headlight or Sound a Bell—A Question of Fact for the Jury.*—Where a pedestrian is struck and injured by a street car, it is a question for a jury as to whether there was a headlight upon the car at the time of his injury and whether its failure to display such headlight was the cause of the injury, and if no warning was given, whether the failure to give such warning was negligence, and if so, whether the plaintiff's injury was the result of such negligence.

5. NEGLIGENCE—*Alighting from a Moving Car—A Question of Fact for the Jury.*—Whether a person is guilty of negligence in alighting from a car while it is in motion is a question of fact to be submitted to the jury.

6. EVIDENCE—*In Actions for Personal Injuries Against Street Car Companies.*—In actions against street car companies for personal

(1)

injuries the plaintiff has a right not only to show what was required of the company by the ordinances of the city, but what was its usual practice in running its cars in the street where he was injured, and thus to show by its conduct what he had reason to expect would be its practice in regard to headlights and warnings.

7. SAME—*Propelling Cars Without Headlights.*—It is negligence in a street car company to propel its cars through the public streets after dark, unless they are provided with lights sufficient to warn pedestrians of their coming and put them upon their guard against collisions.

8. CONTRIBUTORY NEGLIGENCE—*When a Question of Fact.*—In an action against a street railway company, the question as to whether the plaintiff was guilty of contributory negligence in attempting to cross the street at the place where he was injured is a question of fact for the jury.

9. PERSONAL INJURIES—*The Proximate Cause, a Question for the Jury.*—In an action for personal injuries, the question as to what was the proximate cause of the injury is a question of fact to be determined by the jury under proper instructions from the court.

**Trespass on the Case.**—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed November 1, 1901.

**Statement.**—On October 2, 1892, about midnight, the plaintiff, Mr. Lewis C. Canfield, then a bank clerk, twenty-two years old, was a passenger on a south-bound cable car, owned and operated by the defendant, approaching Huron street in the city of Chicago. The night was rather misty and cloudy. The car was running on North Clark street upon the western track, the north-bound car running on the eastern track, both tracks being parallel and about four feet apart. The cars ran in trains of from two to three cars. The car in which Mr. Canfield was sitting was an open summer car and was the grip car. There were seats running clear across the car, and running-boards for getting off and on the car on each side; also handles to use in getting off the car. There was no guard rail or other protection along the side of the car to prevent a person getting off. The car had no aisle in the center. The motorman did not stand in the middle of the car, but near the front platform.

Mr. Canfield was then living at the Davenport House,

about the middle of the block between Huron and Erie streets on the east side of the street. Erie street is the next street south of Huron. The distance between the two streets is a short square between fifty and a hundred yards, not over seventy-five yards. Erie street runs through from the lake to the river on the west.

Mr. Canfield was sitting on the third seat from the rear of the car, and his seat was the nearest one to the track on which the north-bound cars ran. There were three or four persons on the same seat on the other side of him. When the car approached Huron street he arose and looked ahead but did not see or hear anything. He remained standing until the car traversed half the distance between Huron street and Erie street and observed the conductor of the car standing back of him. The car did not stop, so Mr. Canfield, not wanting to be carried further, and not seeing anything ahead, stepped down on the running board and off the car. He got off on the same side he got on. Soon after he jumped off, the car going in the opposite direction struck him. This car was only about eighteen feet away when Mr. Canfield first saw it, and was running rapidly. He did not see any headlight on the car and there was no light in front of the car immediately afterward, when the car stopped. There was evidence tending to show that no bell or gong was rung as the north-bound car passed Erie street, or on either car as the cars approached each other before the accident, and there was evidence to show that while there were lights in the car, there was no headlight upon the north-bound car when it struck the plaintiff or when he got off the south-bound car. The only noise heard by Mr. Canfield and some others was that of putting on the grip, which occurred just as the two trains met. The car knocked Mr. Canfield to the same side of the street from which he had come, and dragged him some distance, injuring his leg so that it was amputated soon after he reached the hospital. A rule of the company required cars to be gently slackened as they approached prominent cross-streets. The court instructed the jury to find for the defendant.

BLEWETT LEE, attorney for appellant.

JOHN A. ROSE and LOUIS BOISOT, JR., attorneys for appellee; W. W. GURLEY, of counsel.

MR. JUSTICE WATERMAN delivered the opinion of the court.

In passing upon a motion made in a trial court to direct a verdict for the defendant, if the evidence is such that reasonable men of fair intelligence might draw from it different conclusions as to whether facts necessary to create a liability of the defendant had been established, then the motion should be overruled and the evidence submitted to the jury. Upon such a motion, all that the evidence tends to prove and all just inferences to be drawn from it in the plaintiff's favor, must be considered as having been established by him. Wabash Railway Co. v. Brown, 162 Ill. 484; McGregor v. Reid Murdoch Co., 178 Ill. 464 and 471; Linnertz v. Dorway, 175 Ill. 508-513; Wallen v. North Chicago Street Railway Co., 82 Ill. App. 103-107-108.

Pedestrians and vehicles of all kinds have the same right to the use of the street as has a street railway company; the only distinction is, that as its cars run upon a fixed track, other persons must reasonably give way to it while passing along such track; but because of the greater speed with which the vehicles of a street railway move, and the little noise attending their progress, it has frequently been held that it is negligence in them to propel cars through public streets after dark, unless they are provided with lights sufficient to notify others of their coming and put them on their guard against collision, and also that it is the duty of street railway companies to give warning, by sounding a bell or otherwise on their approach to public street crossings. Booth on Street Railways, Sec. 299; Rascher v. Railway Company, 90 Mich. 413; Calumet Electric St. Ry. Co. v. Lynholm, 70 Ill. App. 371, 372.

In the present case it was, at least, a question of fact for the jury whether there was any headlight upon the plaintiff's north-bound car just before and at the time it struck the plaintiff, and whether the failure to have such head-

light, if such there were, was the cause of the injury to the plaintiff, as also it was a question of fact whether any gong or bell ought to have been, and if so, was, sounded as the defendant's car approached Huron street, and if no such warning was given, whether the failure so to do was negligence, and if so, whether the injury to plaintiff was the result of such negligence.

The plaintiff had a right to show, not only what was required by the ordinances of the city in this regard, but what was the usual practice of the defendant in respect to its cars running on Clark street, and thus, what, by its own conduct, the plaintiff had reason to expect would be its practice in regard to headlights, and the giving of warning of the approach of its cars on the night in question. Whether the plaintiff was guilty of negligence in getting off the car in the manner he did, while it was in motion, was a question of fact to be submitted to the jury. N. C. St. Ry. Co. v. Wrixon, 150 Ill. 532, 533; N. C. St. Ry. Co. v. Wrixon, 51 Ill. App. 307–312; Springfield Railway Co. v. Hoeffner, 175 Ill. 634–638; Beach on Contributory Negligence, 3d Ed., Sec. 292.

So, too, the question whether the plaintiff was guilty of contributory negligence in attempting to cross the street to the sidewalk at the place where he did, was a question of fact for the jury. Beach on Contributory Negligence (3d Ed.), Sec. 288a; Cicero Street Railway Co. v. Meixner, 160 Ill. 320–328.

The question of what the proximate cause of the injury to plaintiff was, was a question of fact to be determined by the jury, under proper instructions from the court. Pullman Palace Car Co. v. Laack, 143 Ill. 242–259.

Upon the trial, the court refused to admit in evidence the following rule of the company:

"Cars running in different directions should not stop abreast of each other, except at stations, or when transferring passengers. When cars are passing one another the drivers should slacken the speed of the horses and gently put on the brake to guard against running into persons who may be crossing the street in the rear of either car."

It is insisted that this rule should not have been admitted, because the cars passing each other at the time of the accident were not drawn by horses, but propelled by steam power, being what are known as cable cars; the rule in question having been made in 1884. The rule appears to be a very proper one, made not only for the benefit of the company, but the protection of the public. It is well known that in 1884 the defendant company was operating by horse power many cars, the motor power of which has since been changed to steam or electricity. It was neither shown nor claimed by the defendant that the motormen of electric and cable cars were instructed that this rule did not apply to them, or that there was in this regard, any rule for cable or electric cars variant from the one under consideration. Under the circumstances, it was at least a question of fact for the jury, whether such rule of the company did not apply to its cable cars running on Clark street. That the rules of said company are admissible in connection with other evidence for the purpose of determining whether there was not negligence in the management of its cars, is well settled.

Upon the trial a portion of the deposition of Campbell E. Babcock was read. The deposition as taken, read as follows: "My attention was attracted to a south-bound cable car and a north-bound car." Directly following this were the words, "by the fact of the comparatively little noise they made and by the fact of neither ringing its bell upon approaching each other." The words beginning "being by the fact," the court refused to allow to be read.

We see no reason why such testimony was not admissible. It was a mere statement that the cars made comparatively little noise and that neither rang its bell when approaching the other, and that the little noise and the failure to ring a gong attracted his attention.

The judgment of the Superior Court is reversed and the cause remanded.