Nolan v. Morris.

---

## Patrick Nolan v. Nelson Morris et al.

1. EVIDENCE—*When a Motion to Direct a Verdict for Defendant Should Be Denied.*—Upon a motion to direct a verdict for the defendant, if the evidence is such that reasonable men of fair intelligence might reach different conclusions therefrom as to whether such evidence, if true, tends to establish facts necessary to make the defendants liable, the motion should be denied and the evidence submitted to the jury.

2. SAME—*What Must Be Conceded to Plaintiff in Considering a Motion to Direct a Verdict for Defendant.*—In considering a motion to direct a verdict for the defendant, all that the evidence tends to prove and all just inferences to be drawn from it in plaintiff's favor must be conceded to him; but such evidence must be more than a mere scintilla of evidence; it must be evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff or the party producing it.

3. VERDICT—*Where it May be Directed for Defendant.*—Where the

evidence given, with all the inferences that a jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that if such verdict were returned it would have to be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed June 5, 1903.

JOHN C. KING and WILLIAM J. KING, attorneys for plaintiff in error.

PAM, CALHOUN & GLENNON, attorneys for defendants in error; ALBERT E. DACY, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit for personal injuries. At the close of the plaintiff's evidence the trial court directed a verdict for the defendants, and entered judgment accordingly. Appellant contends that there was evidence tending to show the accident and alleged injury were caused by the negligence of appellee.

Upon a motion to direct a verdict for the defendant, if the evidence is such that reasonable men of fair intelligence might reach different conclusions therefrom as to whether such evidence, if true, tends to establish facts necessary to make the defendant liable, the motion should be denied and the evidence submitted to the jury. Canfield v. North Chicago St. R. R. Co., 98 Ill. App. 1–4. All that the evidence tends to prove and all just inferences to be drawn from it in appellant's favor must be conceded to him. McGregor v. Reid, Murdoch & Co., 178 Ill. 464–471. It is to be borne in mind, however, that evidence tending to sustain the issues in behalf of plaintiff means more than a scintilla of evidence; it means evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of the plaintiff or the party producing it. Boyle v. I. C. R. R. Co., 88 Ill. App. 255–258. And when the evidence given, with all the inferences that a jury could justi-

Nolan v. Morris.

fiably draw from it, is so insufficient to support a verdict for the plaintiff that if such verdict was returned it would have to be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant. Simmons v. Chicago & Tomah R. Co., 110 Ill. 340; Rack v. Chicago City Ry. Co., 173 Ill. 289–291; Roberts v. C. & G. T. Ry. Co., 78 Ill. App. 526–529.

The evidence in the case at bar tended to show that appellant was injured in consequence of being struck by an omnibus belonging to appellee. He was walking in the roadway along a public street in company with two fellow-workmen, going home from his work. The "bus," approaching from the rear, struck him on the shoulder, turning him around "a couple of times," and the steps, projecting from the side of the bus between the wheels, threw him down, his feet falling between the front and rear wheels. The hind wheel ran across his legs, and he was otherwise bruised. He states that at the hour when he was struck the street was crowded with people. This testimony discloses no evidence of negligence on the part of the driver of the omnibus, unless the mere fact of the occurrence of the accident is such evidence, and it is not contended by appellants that it is a case to which the doctrine of *res ipsa loquitur* applies. It is claimed, however, that the testimony of one of appellant's witnesses contains evidence tending to show that two young women occupied the seat with the driver and that he was "paying more attention to them than the way he was going," and that "at the time the bus struck appellant the driver had his head turned to the north, talking to a young lady." The testimony thus quoted from appellant's abstract is the only testimony abstracted tending to show that the accident may have occurred through want of care on the part of the driver. The accuracy of the abstract in this respect is questioned by appellees' attorneys, and we have had recourse to the record. We find that there the witness states he saw the bus coming before appellant was hit, when it was about half a block away, and paid no attention to it, and that was the time

and the only time when the witness saw the driver before the accident. He says, "I guess he was paying more attention to them than the way he was going," and "Oh, I guess his head was turned to one side like this (indicating) talking to one of them." He was subsequently asked if the driver turned around and looked at one of the girls just as appellant was struck, and answered, "No, he may not be turning around, he may be looking at them for all I know." He afterward seems to say that the driver was looking the other way at the time appellant was struck, but the whole tenor of his testimony is to the effect that he did not see the driver or know what he was doing, except at the time when the bus was approaching half a block away, until after the accident occurred. There can be no difference of opinion among reasonable minds that this evidence fails to show negligence of the driver as the cause of appellant's injury. The fact that he was hit by the corner of the bus, after the horses had passed him, shows that the accident may have been caused otherwise than by negligence of the driver. At all events the proof clearly fails to show that there was such negligence or that the injury was so caused, and without evidence to that effect appellant fails to make out a case entitling him to recover.

Our attention is called to the failure of the bill of exceptions to show that it contains all of the evidence. The objection appears to be well taken, but need not be considered in view of the considerations above stated. The judgment of the Superior Court must be affirmed.