## Chicago Union Traction Company, et al., v. Minnie May.

### Gen. No. 12,123.

1. PEREMPTORY INSTRUCTION—*when motion for, properly denied.*
A motion for a peremptory instruction is properly denied where
there is evidence fairly tending to support the plaintiff's case.

2. EVIDENCE—*when admission of, cannot be complained of.* The
admission of evidence cannot be complained of on appeal where its
admission was not objected or excepted to.

3. INJURY—*how question of cause of, to be determined.* The
question as to what was the cause of a particular physical condi-
tion or ailment, where the evidence is conflicting, is to be de-
termined by the jury.

4. EARNING POWER—*what evidence competent in connection with
alleged loss of.* Evidence as to what the plaintiff actually did
earn during the period of disability alleged in the declaration is
competent in an action on the case for personal injuries.

5. VERDICT—*when not excessive.* A verdict for $15,000 held not
excessive where the plaintiff at the time of the accident was mar-
ried and of the age of about 29 years, and the evidence shows that
before the accident she was healthy and had had no serious illness
and no female complaints, and that prior to the accident she did her
own housework, including washing, ironing, baking, etc., that she
was active and frequently walked from the business part of the city
to her home, a distance of four or five miles, and that, in addi-
tion to doing all her housework, she was able to earn about $300 per
year doing millinery work, and that since the accident she has
been and is a confirmed invalid, a mere wreck of her former self,
and is not only unable to do the work which she formerly did, but
cannot even walk a short distance without suffering pain as a con-
sequence of the effort, and where there is no evidence of unfair-
ness on the trial or of passion, prejudice or partiality.

Action on the case for personal injuries. Appeal from the Cir-
cuit Court of Cook County; the Hon. ENOCH E. NEWLIN, Judge,
presiding. Heard in this court at the October term, 1904. Af-
firmed. Opinion filed December 4, 1905.

**Statement by the Court.** This is an appeal from a
judgment for the sum of $15,000, recovered by appellee
against the appellants, the Chicago Union Traction Company

and the West Chicago Street Railroad Company, in case for negligence, *per quod* plaintiff was injured. The case went to the jury on a second amended declaration filed January 20, 1904, as amended, consisting of three counts. The first count avers, in substance, that the West Chicago Street Railroad Company, to-wit: May 5, 1901, was the owner of a street railway in Robey street, in the city of Chicago, and allowed the Chicago Union Traction Company to operate its passenger cars thereon, and the plaintiff, to-wit, the day and year aforesaid, became a passenger on a car operated by the Chicago Union Traction Company, whose duty it was to so operate its cars on said street railway as to keep plaintiff safe from injury; but said defendant so carelessly and negligently operated its car on which plaintiff was a passenger, that, while plaintiff was exercising due care for her own safety, she was thrown with great force and violence upon and against the side of said car, and was injured, and the spine and nervous system of plaintiff was bruised, wounded, etc., and certain of her pelvic and abdominal viscera were deranged and injured, etc., and she was obliged to and did expend divers sums of money, to-wit: $2,000, in endeavoring to be cured, and suffered great pain and agony thence hitherto, "and was and is hindered and prevented from transacting and attending to her business and affairs, and lost and was deprived of divers great gains and profits, which she might and otherwise would have acquired."

The second count, after averring the relation between the appellant companies, as in the first count, avers, in substance, that the plaintiff attempted to board and become a passenger on one of the Chicago Union Traction Company's cars, at the intersection of Potomac avenue and Robey street, which car was stationary, for the purpose of receiving passengers, and that the said defendant, not regarding its duty in that behalf, and while plaintiff was exercising due care, caused said car to be suddenly and violently started and moved, thereby causing plaintiff to be thrown with great force and violence against the side of said car and injured, etc.

The third count avers, in substance, that plaintiff became

a passenger on the car, when it was stationary, at the intersection of Potomac avenue and Robey street, for the purpose of receiving passengers, and that it was the duty of defendant to afford plaintiff a reasonable opportunity to board said car in safety; but the defendant, the Chicago Union Traction Company, did not regard its said duty, and caused said car to be suddenly and violently started and moved, while she was in the act of boarding the same, and exercising due care, so that she was thrown with great force and violence against the side of the car and injured, etc. Each of the appellants pleaded the general issue. The jury found for the plaintiff and assessed her damages at the sum of $15,000, and judgment was rendered on the verdict.

JOHN A. ROSE, ALBERT M. CROSS and HENRY W. BRANT, for appellants; W. W. GURLEY, of counsel.

HARRY W. McEWEN and LLOYD CHARLES WHITMAN, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Counsel for appellants advance and argue certain propositions which will be considered in their order.

First, the court erred in refusing the peremptory instruction as to the whole case, and also as to the second and third counts of the declaration. At the close of all the evidence each of the appellants moved the court to exclude all the evidence from the jury, and to instruct the jury to find it not guilty, and presented an instruction to that effect; and each of them also moved the court to instruct the jury to find it not guilty on the second count of the declaration and also on the third count of the declaration. A separate motion was made as to each of said second and third counts. The court overruled all of said motions and refused to instruct as requested. We gather from the argument of counsel for appellant, and from what they said to the trial court, on making their motions as to the second and third counts, that the motions were based on the theory that the evidence failed to

show that the car was suddenly and violently started, before the appellee had a reasonable opportunity to board the same, and that it was suddenly and violently started while the appellee was a passenger.    The evidence tends to prove that the car was stationary, for the purpose of receiving passengers, when the appellee was attempting to board it, and that it started with a jerk while she was so attempting, and therefore the question, whether the car was suddenly and violently started, when the appellee was attempting to board it, was a question for the jury, and the court properly refused appellant's motions and instructions as to the second and third counts.    But even though there were no evidence that the car was suddenly and violently started, there would be no error in the ruling of the court on the motions as to the second and third counts; because the first count is merely for negligent management of the car, resulting in injury to appellee, and the appellee's evidence is admissible under that count.    Swift & Co. v. Rutkowski, 182 Ill., 18.

A motion to take the whole case from the jury, by excluding all the evidence, or by instruction to find for the defendant, or defendants, as the case may be, can only be allowed when there is no evidence fairly tending to support the plaintiff's case, or no evidence of some element so essential to a recovery that, without proof of it, there could be no recovery. Roberts v. C. & G. T. Ry. Co., 78 Ill. App., 526, 529–30, and cases cited.    In Met. El. Ry. Co. v. Fortin, 203 Ill., 454, 456, the question on a motion of defendant to take the case from the jury, is thus stated:    "Such motion presents to this court a question of law and not one of fact, and is in the nature of a demurrer to the evidence; that is, admitting the evidence in favor of the plaintiff to be true, does it, together with all legitimate conclusions to be drawn therefrom, fairly tend to sustain the plaintiff's cause of action?    If it does, then, as matter of law, the plaintiff is entitled to have his case passed on by the jury."

The conductor of the car in question, called as a witness by appellants, testified that he was in the front end of the car facing north, the car moving south on Robey street, and

saw appellee standing on the crossing of Potomac avenue and
Robey street, waiting to get on the car; that the car came to
a stop at Potomac avenue, and he held it until appellee got
on and then started it.

George Bixly, witness for plaintiff, testified that he was in
the front seat of the car facing the front; that he first saw
appellee when she attempted to board the car; that the car
started forward as she had placed her foot on the running
board and threw her back, and he reached out and caught
hold of her, and with his assistance, she boarded the car.   He
also testified that immediately after he helped her on the
car she looked very pale.   The appellee testified, substan-
tially, that she put her left foot on the running board, and
took hold with her left hand, when the car started with a
jerk and threw her around backward, twisting her back, in
which she felt a severe pain; that she then became faint,
and didn't remember who assisted her into the car until she
came to her senses; that, afterward, the conductor came to
her and said that he didn't see her; that, after recovering
from her faintness, she experienced pain in her back, shoot-
ing up into the back of her head, and numbness in her left
side and limb; that she stayed on the car till it reached Van
Buren street, when she alighted, with the assistance of two
gentlemen, and that a lady assisted her onto a Van Buren
street car, on which she rode to Washtenaw avenue, when the
conductor of that car assisted her to alight; that then she
walked about a block to 1160 Jackson boulevard, the house of
Miss Hannah, her friend, where she remained until after
dark, when Miss Hannah assisted her to board a Western
avenue car, on which she rode to Potomac avenue, where the
conductor assisted her to alight, and she walked thence to
164 Potomac avenue, where she lived.   Appellee then pro-
ceeded to relate the ailments and suffering which she at-
tributes to the accident, and which will be referred to here-
after.

Miss Hannah testified that May 5, 1901, she saw appellee
in front of the house, 1160 Jackson boulevard, about four
o'clock; that appellee rang the bell, and she, witness, went to

Traction Company v. May.

the door; that appellee said nothing when she came in, but sat down in a chair and remained silent three or four minutes before she could speak; that she stayed there two and a half or three hours, and that witness stayed with her and helped her to get on a car.

There is other evidence fairly tending to support appellee's case, and we think it clear that appellants' motions to take the case from the jury were properly overruled.

Second. It is objected that the court admitted improper evidence as to the damages.

April 1, 1903, and December 10, 1903, appellee underwent surgical operations. Dr. Moore, appellee's attending physician, was present at both operations, and Dr. Henrotin performed the operations. Dr. Moore testified that at the first operation there were removed a cyst as large as a large orange from appellee's left ovary, a degeneration of that ovary, three-fourths of the right ovary, in which degeneration had taken place, and part of the left Fallopian tube; that at the second operation a cyst about the same size as the former one, and the remainders of the right ovary and of the Fallopian tube were removed.

Dr. Henrotin testified that at the first operation he removed from the right ovary a cystic tumor the size of a large fist, also the Fallopian tube and ovary, which last was completely diseased, also a small tumor from the body of the uterus; that at the second operation he removed a cyst which had grown to quite a large size, which was between the walls of the broad ligament and the location of the first operation, on the right side, as he thinks, and also removed what remained of the ovary from the former operation, and the left Fallopian tube.

The appellee testified to the performance of the two operations, but, naturally, did not describe them.

The argument in support of appellants' contention is that the evidence of the physicians who testified in the cause shows that the cysts, etc., removed were not caused by the accident, but no objection was made, or exception preserved, so far as appears from the abstract, to the admission of the evidence

as to the operations, or what conditions were found, and, therefore, appellants are not in a position to claim here that the evidence was improperly admitted.

At the close of appellee's case the appellants moved to strike out all evidence in regard to tumors of the ovary and fibroid tumors of the womb, and all evidence relating to the two operations in which tumors, the ovaries and Fallopian tubes were removed, and all evidence of neurotic pain resulting from the condition of the pelvis which preceded the operation, or followed as a consequence of it, on the ground that the evidence established no connection between the accident and the conditions mentioned, or either of them.

At the close of all the evidence, counsel for appellants, apparently for greater caution, divided the foregoing motion into four parts, and made four motions to strike out evidence, each motion being a part of the foregoing motion. Appellants also asked the court to give the following instruction:

"1. The court instructs the jury that the plaintiff has failed to prove by a preponderance of the evidence that the tumors and ovarian and womb troubles were caused by the accident complained of, and in considering and deciding this case you should wholly disregard all the evidence introduced in this case as to such tumors and ovarian and womb troubles, and also as to the surgical operations she underwent as a result thereof, and also as to any nervous condition which resulted from such trouble or from said operations."

The court overruled all of said motions and refused the instruction.

We are of opinion that all the evidence with regard to the physical condition and health of appellee from the time of the accident, and with regard to surgical operations performed on her, was competent and material, and that it was a question for the jury to decide, under proper instructions, what ailments or pains were caused by the accident, and what, if any, were not so caused. The question as to what

caused the injury was a question of fact for the jury.    Ill.
Cent. R. R. Co. v. Smith, 208 Ill., 608, 617.    Therefore, the
court did not err in overruling the motions to exclude evi-
dence, or in refusing the instruction above quoted.    The
question whether the appellee's ailments, or any of them,
were, as she claimed, or were not, the result of the accident,
was submitted to the jury by the following instruction, given
at appellants' request:

"9. The jurors are instructed, that with respect to the
ailments and disabilities claimed for the plaintiff in this
case the burden of proof is upon the plaintiff in that respect,
as it is with respect to the question of liability, to show by
a preponderance of the evidence not only that such ailments
really exist, or have existed, but also that such ailments and
disabilities are the result of the accident in question.    The
jury are further instructed that they have no right to guess
or conjecture that any ailment complained of by the plain-
tiff is the result of this accident.    The jury are not to un-
derstand from this instruction that the court intends to
intimate that the plaintiff has such disability as she claims
or that the defendants are in any manner liable, or to inti-
mate any opinion upon that or any other question of fact in
this case."

Third.    It is objected that the court erred in admitting
evidence that appellee, in the year next preceding the acci-
dent, earned about $300, making waists, gowns, etc.    We
perceive no error in this regard.    Nothing is more common
in cases of this class than to permit evidence on the part of
the plaintiff of his earnings prior to his injury.    The evi-
dence was competent, and the general averment in the decla-
ration that the plaintiff was hindered and prevented from
transacting and attending to her business and affairs, and
lost and was deprived of great gains and profits, is a sufficient
basis for its introduction.    C. & E. R. R. Co. v. Meech, 163
Ill., 305, 314.

In heading 2 of appellants' brief it is claimed "the dam-
ages are excessive," but the only argument in support of this
claim is that damages based on the evidence which appel-

lants moved the court to strike out should not be allowed. Appellee is married and was twenty-nine years of age at the time of the accident. The evidence is, that before the accident she was healthy and had had no serious illness and no female complaints, and that prior to the accident she did her own housework, including washing, ironing, baking, etc.; that she was active and frequently walked from the business part of the city to her home on Potomac avenue, a distance of four or five miles, and that, in addition to doing all her housework, she was able to earn about $300 per year doing millinery work, and that since the accident she has been and is a confirmed invalid, a mere wreck of her former self, and is not only unable to do the work which she formerly did, but cannot even walk a short distance without suffering pain as a consequence of the effort. We find no evidence of unfairness in the trial, or of passion, prejudice or partiality on the part of the jury, and we cannot, in view of the evidence as to appellee's physical condition, which is too voluminous for specific reference, hold that the sum assessed as damages is excessive. There are quite a number of errors in the abstract furnished, some of them quite material. For instance, the abstract of Dr. Kolischer's evidence contains the following: "There are two kinds of coccygodynia, a spontaneous and a traumatic one. From an examination of the patient I am unable to tell whether or not it is traumatic or spontaneous." Turning to the page of the record referred to in the abstract, we find the following: Q. "From the examination of a patient are you able to determine whether coccygodynia is traumatic or of the other class?" A. "Yes, sir." The error is important, because the Doctor testified that he examined appellee and found the cocyx and the sacro-iliac joint diseased, and would ascribe the condition to violence or some force, and that it may have been caused by a sudden twisting; also, that, as a rule, patients suffer from traumatic coccygodynia as long as they live. We presume this error in the abstract was owing to inadvertence, especially as it is continued on page 39 of appellants' argument.

We find no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*